IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

MISC. NO. 1:05MC204

FILED
ASHEVILLE, N. C.
JUL - 7 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

IN RE:                                    )
    JOSEPH MARION HEAD, JR.      )          **MEMORANDUM OF OPINION**
                                      )                     **AND**
_____ )          **PERMANENT INJUNCTION**


    **THIS MATTER** is before the Court on numerous frivolous submissions from Joseph

Marion Head, Jr. (Head). For the reasons stated herein, the Court imposes a permanent

injunction against future filings by Head within the United States District Court for the Western

District of North Carolina.


## I. PROCEDURAL HISTORY

    In April 1974, Head raped and sodomized a sixteen year girl while threatening to kill her

with a machete. *State v. Head*, **24 N.C. App. 564, 211 S.E.2d 534 (1975).** Later that year, he

shot a man nine times and was subsequently convicted of voluntary manslaughter. *State v. Head*,

**28 N.C. App. 189, 220 S.E.2d 641 (1975).** Head's conviction for the rape was overturned due to

trial court error and he was granted a new trial in 1975. *Head, supra.* His second trial also

resulted in a jury verdict of guilty and his conviction and sentence were affirmed on appeal.

*State v. Head*, **33 N.C. App. 494, 235 S.E.2d 423 (1977).** Since his second conviction, Head

has continuously embarked on a course to harass both the state and federal judicial systems. He

has filed in excess of 118 actions, motions and pleadings in state court, the most recent being

disposed of by the North Carolina Supreme Court in May 2005. ***State v. Head***, ___ S.E.2d ___, **2005 WL 1421935 (2005) (motion for records dismissed).**

Nor has Head been reluctant to abuse the federal system. During the past 20 years, he has filed the following:

1. *In re Head*, 770 F.2d 393 (4th Cir. 1985) (affirming district court's dismissal of action as frivolous);

2. *Head v. President of the United States*, 770 F.2d 392 (4th Cir. 1985) (affirming district court's dismissal of action as frivolous);

3. *In re Head*, 1986 WL 17402 (4th Cir. 1986) (affirming district court's dismissal of action as frivolous);

4. *Head v. North Carolina*, 1986 WL 17406 (4th Cir. 1986) (affirming district court's dismissal of action as frivolous);

5. *In re Head*, 810 F.2d 194 (4th Cir. 1987) (affirming district court's dismissal of actions pursuant to 28 U.S.C. § 2254 and 42 U.S.C. § 1983);

6. *In re Head*, 816 F.2d 672 (4th Cir. 1987) (affirming district court's dismissal of § 2254 and § 1983 actions);

7. *In re Head*, 835 F.2d 874 (4th Cir. 1987) (affirming district court's dismissal of action as frivolous);

8. *In re Head*, 838 F.2d 466 (4th Cir. 1988) (affirming district court's dismissal of action as frivolous);

9. *In re Head*, 842 F.2d 1291 (4th Cir. 1988) (affirming district court's dismissal of action as frivolous);

10.    *Head v. North Carolina*, 859 F.2d 150 (4th Cir. 1988) (affirming district court's dismissal
       of action as frivolous);

11.    *In re Head*, 861 F.2d 714 (4th Cir. 1988) (dismissing 9 appeals as frivolous);

12.    *In re Head*, 865 F.2d 1258 (4th Cir. 1988) (affirming district court's dismissal of action as
       frivolous);

13.    *In re Head*, 887 F.2d 1079 (4th Cir. 1989) (affirming the district court's dismissal as
       frivolous of 75 pleadings);

14.    *Head v. America and God*, 896 F.2d 1367 (4th Cir. 1990) (affirming district court's
       dismissal of § 1983 action as frivolous);

15.    *In re Head*, 927 F.2d 595 (4th Cir.) (affirming district court's dismissal of action as
       frivolous);

16.    *Head v. North Carolina*, 931 F.2d 54 (4th Cir. 1991) (affirming the dismissal of
       complaint);

17.    *In re Head*, 947 F.2d 941 (4th Cir. 1991) (affirming district court's dismissal of § 2254
       and § 1983 actions), motion for leave to proceed *in forma pauperis* denied, 503 U.S. 904
       (1992);

18.    *In re Head*, 996 F.2d 1211 (4th Cir. 1993) (affirming the dismissal of 57 frivolous
       pleadings);

19.    *In re Head*, 7 F.3d 223 (4th Cir. 1993) (affirming district court's dismissal of action);

20.    *In re Head*, 19 F.3d 1429 (table) (4th Cir. 1994) (affirming denial of relief pursuant to 28
       U.S.C. §§ 1915 and 2254);

21.  *Head v. North Carolina Prisoner Legal Servs., Inc.*, 23 F.3d 401 (4th Cir. 1994) (affirming dismissal of § 1983 action);

22.  *Head v. North Carolina*, 27 F.3d 563 (4th Cir. 1994) (affirming dismissal of § 1983 action);

23.  *Head v. North Carolina*, 30 F.3d 129 (table) (4th Cir. 1994) (affirming dismissal of § 1983 action);

24.  *Head v. Harris*, 30 F.3d 129 (table) (4th Cir. 1994) (affirming dismissal of § 1983 action);

25.  *Head v. North Carolina*, 35 F.3d 556 (table) (4th Cir. 1994) (affirming dismissal of § 1983 action);

26.  *Head v. North Carolina*, 46 F.3d 1124 (4th Cir. 1995) (affirming dismissal of § 1983 action);

27.  *In re Head*, 67 F.3d 295 (4th Cir. 1995) (affirming dismissal of 86 frivolous filings and imposing pre-filing injunction);

28.  *Head v. North Carolina*, 69 F.3d 532 (4th Cir. 1995) (affirming dismissal of frivolous action);

29.  *Head v. North Carolina*, 89 F.3d 415 (4th Cir. 1996) (affirming dismissal of § 1983 action);

30.  *Head v. North Carolina*, 89 F.3d 828 (4th Cir. 1996) (affirming dismissal of § 1983 action);

31.  *Head v. Williamson*, 127 Fed. Appx. 99 (4th Cir. 2005) (affirming the denial of rehearing and release); and

33. *Head v. Williamson*, 127 Fed. Appx. 103 (4th Cir. 2005) (affirming the denial of

rehearing).

In addition to these actions, Head was no stranger to the United States Supreme Court. In

October 2001, that Court imposed an injunction against any future filings in noncriminal matters.

***Head v. United States*, 534 U.S. 803 (2001) ("As the petitioner has repeatedly abused this**

**Court's process, the Clerk is directed not to accept any further petition in noncriminal**

**matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition**

**submitted in compliance with Rule 33.1.").**

Meanwhile in 1998, Head was indicted in this Court with nine counts of mailing

threatening communications to the state district attorney who prosecuted him as well as the

defense attorneys who represented him in connection with the rape case. He was convicted by

jury verdict in July 2000 and sentenced by the undersigned to serve 360 months imprisonment in

September 2001. On appeal, his conviction and sentence were affirmed by the United States

Fourth Circuit Court of Appeals. ***United States v. Head*, 42 Fed. Appx. 633 (4th Cir. 2002),**

***cert. denied*, 125 S. Ct. 226 (2004).** After his appeal was decided, he filed 22 collateral motions

between August and November of 2002, all of which were denied. On May 4, 2004, Head filed a

motion pursuant to 28 U.S.C. § 2255 which was denied on May 12, 2004. Head's appeal from

that denial was dismissed on October 22, 2004. As a result, Head has no collateral relief

available to him in this Court stemming from his federal conviction.

## II. DISCUSSION

Since September 21, 1994, a pre-filing injunction with regard to Head has been in place in the United States District Court for the Western District of North Carolina. The terms of that injunction require that every writing, submission or pleading from Head be reviewed prior to filing for a determination as to whether it should be filed. The injunction, which was approved by the Fourth Circuit, has been in place since 1994 and has required extensive judicial review of his voluminous submissions. *In re Head*, **67 F.3d 295 (table), 1995 WL 590597 (4ᵗʰ Cir. 1995).** Head has continuously flooded the court system for the past 11 years, often submitting two or three matters in a single day. All of his submissions relate to his convictions for rape and mailing threatening communications.[1] He repeatedly goes into graphic, offensive detail of his version of the rape. As occurred during his trial in this Court, he seemingly delights in recounting offensive, obscene purported facts involving the victims of his crimes. Frequently, Head does not sign his submissions but instead uses a sign which he explained during the trial in this Court was given to him by a worm one day while he was in the prison yard. He insists that he is due relief in the form of large property holdings surrounded by fences in the shape of his "sign" and describes the women who should be "stocked" in the property to provide him with sexual pleasure and children. Other requests include damages in the amount of "not less than 400 zillion dollars tax free and the legal deed to North Carolina."

This Court does not lightly contemplate the imposition of a permanent injunction. "[A] judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances,

---

[1]Sometimes Head references his conviction for manslaughter in the context of his writings but he is especially obsessed with his rape conviction which he blames for his subsequent conviction for mailing threatening communications.

such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" ***Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)** **(quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).** Likewise, the use of such a measure against a *pro se* litigant is approached with particular care. *Id.* However, in this case, the Court is effectively left with no other remedy.

> In determining whether a[n] . . . injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* Head's history of litigation has been set forth *infra*. His actions, motions and letters are duplicative, reiterating over and over again the same allegations and issues. There is no doubt that Head intends to harass the judicial system as the finality of his convictions and sentences has long since been established. Indeed, Head has completed his state sentence and is now serving the federal sentence. He has no good faith basis to continue to submit writings which contain details of the rape, manslaughter and outrageous allegations of conspiracy among the victims of his threatening communications. As for the burden on the court system, his submissions are so multitudinous and complex that a law clerk is required to peruse each paper, not an easy task given Head's handwriting and the fact that he writes on the front and back of papers as well as all over the envelops in which he mails them. In the week preceding this opinion, Head submitted 14 writings, each of multiple pages and often containing nonsensical ramblings mixed in with legal jargon. In the 11 years since the imposition of this pre-filing review system, Head has shown no indication that he will ever cease his relentless harassment of the judicial system. Prior

to 1994, his writings were accumulated and dismissed once or twice a year. Undeterred, he continued to submit filings. Since 1994, despite the pre-filing review system, not a single submission has been filed due to the frivolous nature of the writings.[2] Yet, Head continues to inundate the Court with letters, motions, complaints, and other pleadings so frivolous as to defy legal description. Whether his submissions receive comment or not is of no merit; he sends them on in any event.

"Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. United States Lines, Inc.*, **792 F.2d 19, 24 (2d Cir. 1986)**. There is no doubt that Head will continue to abuse the judicial system and, but for that system, harass the victims of his crimes as he has done in the past by attempting *ad nauseam* to sue them. Nonetheless, the Court's

> power to defend [its] ability to carry out [its] constitutional functions in no way depends upon the rights of private parties to relief. No litigant has the right to monopolize judicial resources and thus indirectly to obstruct other litigants asserting good faith claims. Absent the power to deter tactics like those employed by [Head], a small number of litigants could paralyze this court. [The] role here is thus not that of a dispute settler but that of an independent branch of government protecting its jurisdiction.

*In re Martin-Trigona*, **795 F.2d 9, 12 (2d Cir. 1986) (internal citations omitted).**

As noted, the pre-filing review system has not deterred Head. That system has resulted in the expenditure of judicial resources to review each submission by him, a procedure which requires the time of judicial employees on an almost daily basis. Nor does the Court find that the

---

[2]There were some exceptions to this such as actions filed and immediately dismissed in the Charlotte Division and filings made in connection with Head's federal prosecution.

imposition of a monetary sanction would in any manner curtail Head's writings. He is a federal

prisoner and thus, judgment proof. Requiring him to pay a filing fee for the privilege of filing his

submissions would only result in additional waste of judicial resources as the Clerk's office

would be obligated to collect payments from him pursuant to 28 U.S.C. § 1915. *Neshewat v.*

*Salem*, **365 F.Supp.2d 508, 529 (S.D.N.Y. 2005).**

The imposition of a permanent injunction in this District does not leave Head without

access to the federal court system. He is incarcerated in Massachusetts where any valid petition

for habeas corpus relief or to challenge the conditions of his confinement must be brought as a

matter of law. Head has no collateral relief left in this District absent permission from the Fourth

Circuit Court of Appeals. In the event that Court should grant such permission, the injunction

imposed in this District would be lifted for the limited purposes of entertaining the Circuit's

mandate. For over 20 years, Head has inundated the Western District of North Carolina with

nonsensical, harassing papers. The Court finds no other or less drastic relief will prevent his

continued abusive conduct.


### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall file the 14 submissions

attached to this Order.

**IT IS FURTHER ORDERED** that the pre-filing review system implemented in this

Court in 1994 shall be amended to provide that Joseph Marion Head, Jr., and anyone acting on

his behalf, is hereby permanently **ENJOINED** within the United States District Court for the

Western District of North Carolina from filing any motion, pleading, action or writing arising out

of the facts, circumstance and claims of any of the litigation listed in this opinion. Any submissions, writings or pleadings sent by Head to the Clerk of Court or to the Chambers of the undersigned or any other judicial officer of this District will not be reviewed or in any other manner acted upon.

**IT IS FURTHER ORDERED** that the Clerk of Court may file any notice of appeal submitted by Head from this decision.

**IT IS FURTHER ORDERED** that in the event the United States Court of Appeals for the Fourth Circuit issues a mandate allowing Head to file a second or successive motion pursuant to 28 U.S.C. § 2255, this injunction shall be lifted to that limited extent.

The Clerk of Court is instructed to provide copies of this opinion to each judicial officer and to each Clerk of Court's Office for the Western District of North Carolina.

**Signed: July 7, 2005**

Lacy H. Thornburg
United States District Judge

# IN THE UNITED STATES DISTRICT COURT

## FOR THE *Western* DISTRICT OF *North Carolina*

*Joseph Marion Head Junior*  )
  )
Plaintiff,  )
  )
Reg. No. *17549-056*,  )
  )
vs  )
  )
*United States Of America*  )
*And*  )
*State Of North Carolina*  )
  )
———————————————,  )
  )
Defendants.  )

**FILED**
ASHEVILLE, N.C.
JUL - 7 2005
U.S. DISTRICT COURT
W. DIST. OF N.C.

RECEIVED
JUDGES CHAMBERS
JUL - 5 2005
U.S. DISTRICT COURT
ASHEVILLE. N.C.

Case No. *1:05mc204*.

## COMPLAINT

This is a civil rights act suit for damages for unlawful conviction and sentence *and false imprisonment*.

## JURISDICTION

The court has legal jurisdiction herein pursuant to the provisions of law and Constitution which applies hereto, to include 42 U.S.C. §§ 1981, 1983, 1984, 1985(3) and 1986; 28 U.S.C. §§ 1331, 1341, 1342, 1343, 2201 and 2202; and the Federal Rules of Civil Procedure Rule 57.

## PLAINTIFF

Plaintiff herein is *Joseph Marion Head Junior* Reg. No. *17549-056*, who is a Federal prisoner housed in the *IV-5 Cell 524 Federal Medical Center Devens* located at *P.O. Box 879 – Ayer – Massachusetts – 01432*. Plaintiff is in the custody of the Warden of the aforesaid institution, who is *David L. Winn*, Warden. Also, in the custody of the United States Attorney General.

Defendants herein are as related below;

(1) *United States of America*, Title *United States of America*
Address *United States Attorney General, United States Department of Justice – Washington – D.C. 20543*

(2) *State of North Carolina*, Title *State of North Carolina*
Address *North Carolina Attorney General, North Carolina Department of Justice, Raleigh, North Carolina 27602.*

Plaintiff herein is proceding pro se, without the legal assistance of a person trained in law and Plaintiff is a layman at law and has had **no professional** training in law and Plaintiff therefore respectfully moves the court for a liberal construction on and as to, all pleadings, claims, et c., herein and relating hereto.

That it is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest argument they suggest. See: Green v. United States, 260 F 3d 78, 83 (2nd Cir. 2001), Haines v. Kerner, 404 U.S. 519, 520 - 21 (1972 per curiam).

Plaintiff's rights to counsel, legal assistence, et c., 18 U.S.C. § 3006(a) and et seq. thereof, U.S. Constitution Amendments Six and Fourteen. Plaintiff states that he does not waive this right to counsel, et c..

That the United States Court of Appeals for the Fourth Circuit prior, adjudged, that indigent laymen, (proceeding pro se) are not required to prove their asserted claims in advance of a full in court evidentry hearing.

The background of Plaintiff and his State and Federal Court cases and all related and asserted therein and relating thereto, is related within the prison and court records of and relating to Plaintiff, prior and present. Plaintiff does not himself have a copy of said records, therefore, cannot state the background herein and therefore refers the Court to said records as for the background of same and all related and asserted and demanded therein and relating thereto to include all opinions, judgements and orders of the courts, et c., thereto.

GROUNDS ASSERTED HEREIN BY PLAINTIFF

PRO SE WITHOUT LEGAL ASSISTANCE OF A

PERSON PROFESSIONALLY TRAINED IN LAW

GROUND 1:

The convictions obtained in case no. *4-98-CR-102.* was obtained in violation of the laws or Constitution of the United States or of the State of *N.C.* in the, in the ways related herein below and for the reasons stated herein below:

1. *The reasons of the jurios (bortheir verdicts of guilt) (was not proven) To be legal and valid prior to sentencing nor on appeal nor post the appeal.*

2. *The convictions was not based on a legal and valid indictment based on the Statement of offenses c/n the indictment.*

3. *That it was not proven that plaintiff wilfully, delibertly, Knowingly Did The Acts To Violate 18 U.S.C. 876 nor c/n violation of said law.*

-3-

**GROUND 2:**

The federal sentences of Plaintiff are illegal in that they were enhanced based on an unlawful conviction not legally proven to be legal, valid, final, prior to using same to enhance Plaintiff's federal sentence and or to obtain an upward departure and a greater sentence based upon said unlawful prior convictions. See: Title 21 U.S.C. § 851.

**GROUND 3:** The Federal Sentences Was Not Based On A Legal And Valid Conviction and indictment as required by law and constitution, Etc.

**GROUND 4:** Title 21 U.S.C. 851(e) is unconstitutional As Applies. The Government Can Go Back At Least 15 years, Defendants can only go back 5 years, 21 U.S.C. 851(e).

**GROUND 5:** Booker, Fanfan, Blakely, Apprendie and Strickland v Washington 1984, as applies and as may be applies to Plaintiffs State and Federal Court Cases.

## RELIEF DEMANDED BY PLAINTIFF PRO SE

1. Leave to proceed In Forma Pauperis

2. Appointment of counsel hereto

3. In court evidenty hearing with the Plaintiff present for same.

4. Subpoeina's issued to the below persons:
1. Name: Each Person Involved With Plaintiffs State and Federal Cases, to include the Grand and Trial Jurions , Address:

2. Name: All Records etc. relating To Plaintiffs State and Federal Court Cases And Prison Records. , Address:

-4-

3. Name: _____ , Address: _____

_____

5.   Grant and Order to Plaintiff, the maximum relief and
money, authorized by law, Constitution, relating hereto.

Signed *Joseph Marion Head junior* Reg. No. _17549-056_

Address: _N-5 Cell 524 - Fed. Med. center_
_Devens, 42 Patton Road - Post office Box 879_
_Ayer - Massachusetts - 02210_

## CERTIFICATION OF SERVICE

I *Joseph Marion Head jr,* Reg. No. _17549-056_ state that
on the ____ day of _June_ , 200_5_, I sent to the Court:
_U.S. D.Ct. W.D.N.C._ located at _Asheville_
_North Carolina 28801_

the original and ( _0_ ) copies of the foregoing complaint and
I also sent a copy of said complaint to the Attorney General of
the United States, at: _Not Sent, Did Not Have A_
_Copy To Send Nor had cost of Postage, The Court_
and the _Clerk must make the copies and serve same,_
_and send plaintiff a filed copy._

Signed *Joseph Marion Head* jr. No. _17549-056_
on this the ____ day of _June_ , 200_5_.

_The Court is heretofore referred to all prison and_
_court records relating to plaintiff from 1973_
_Forward to determine the indigence of plaintiff_
_therefrom and entitlements to proceed in_
_forma pauperis and for appointment of counsel_
_etc,_
_Joseph Marion Head junior 17549-056_
____ day of _June_ ____ 2005,

In The United States District
For The Western District of North Carolina
Asheville Division

| | |
|---|---|
| Joseph Marion Head Junior | Case Number U/K |
| Reg. No. 17549-056 | See Ct. Rec·s |
| Petitioner, Movant, Plaintiff, | U.S.D.Ct. For N.C., |
| Appellant, | W.Va., Boston Mass. |
| vs | Case Number U/K See |
| | Ct. Rec. |
| As Related of court | |
| Records | For U.S. Ct. App. For |
| | 1st and 4th Circuit |
| | Case Number U/K See Ct. |
| | Recies |
| Respondents, Defendants, | |
| Appellies. | U.S. Supreme Court |

Motion For Appointment of counsel
Based On The Indigence of Joseph Marion Head Jr.
Or Appoint counsel For Cost of Same
To Be Paid By Joseph Marion Head Jr. In Small
Amounts As allowed and Ordered By The
Court. U.S. Constitution Amendments
1, 5, 6, 8, 9, 14 As Applies Hereto and 18 U.S.
C. 3006 A and Sub Sec. thereof.

Now Comes, Joseph Marion Head Jr. Reg. No. 175
49-056, who is the, See Ct. Rec.
in the above entitled cause and movant

herein, who himself pro se, respect fully moves the court to appoint him counsel in the aforsaid entitled cases, for the purpose of effectively representing movant in all matters etc. relating to the aforsaid entitled cause.

As To The Background Of Movant And His Criminal and Civil Cases and The Aforsaid Entitled cause, Movant refers the court to all known prison and court records relating to movant, past and present and all that relates to the aforsaid entitled cause.

Respectfully Presented On This The 30 day of June, 2005 Address, No 5 Cell 524 Federal Medical Center Devens, Post office Box 879 Ayer Massachusetts 01432.

Certification of Service

Movant aforsaid, on the 30 day of June 2005 put the origional copy of the forgoing motion in the inmate mail box at, F.M.C. Devens

Where movant is housed as an inmate.
Signed, Joseph Marion Head Reg. No. 17549-056 Date 6-30-05

In The United States District CouRECEIVED
ASHEVILLE, N.C.
For The Western District Of North Carolina
Asheville Division

JUL - 5 2005
Clerk, U. S. Dist. Court
W. Dist of N. C.

United States Of America          Case Number
                VS                4-98-CR-102
Joseph Marion Head Junior
Defendant

FILED
ASHEVILLE, N. C.
JUL - 7 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

Motion To Dismiss With Prejudice
Violations Of Constitutional Right To A
Speedy Trial By An Impartial Jury And
Judge. Strunk v United States supra, 1973,
Federal Rules Of Criminal Procedure, Rule
48(b). United States Constitution Amendments
5, 8, 14, 6, 4, 1 As Applies Hereto And As May Be Applied

     Now Comes, Joseph Marion Head Junior, Reg.
No. 17549-058, defendant in the above
entitled cause and the movant herein,
who pro se respectfully moves The Court
for a Dismissal With Prejudice For
Violations Of Movants Constitutional Rights
To A Speedy Trial By An Impartial
Jury And Judge.

     Movant is presently housed in N-5 cell 524
of Federal Medical Center Devens - Located

at, 42 Patton Road, Post office Box 879, Ayer - Massachusetts - 01432. And is in the custody of the Warden thereof, who is, David L. Winn, also in the custody of the United States Attorney General

That as to the <u>Background of Movant and Movants court cases (State and Federal and all relating to same</u>), The Court is refered to all known Prison And Court record relating to movant, as if same was related and stated herein in proper order and form of same.

The Court relating hereto, make finding of fast of records which states the complete Background of movant and movants prison and court records and all related and asserted and asked for and demanded within said records,

Unnessary Delay In Asserting Charges, As To Each Of Movants Federal Charges. <u>Misprision of A Felony</u>, Mr., Lowe, Harris and Wolf, failed to timely report to the Police And To The United States Attorney, The Violations of 18 U.S.C. 876, And So did the Staff of North carolina Department of corrections.

Which caused about three years of delay in asserting the charges and in afording to movant, his rights to a speedy trial with out unnessary delay and unjustifiable delays in the asserting the charges, ets., and other types of delays also, That violated movants rights to a speedy trial.

Rather Than Seeking Judical Protections From The Courts And Police, Lawe, Harris, Wolf, Desided To And Pland To Take The Law Into Their Own Hands And Kill Movant When He Was Released From Prison, And Call It Self Defense And Because of who They Was And who Movant Was They Would Never Have Been convicted In A court of Law. They was professonally trained in law, therefore knowed what to do and say to get away with murder.

Conspericey To Murder By Them, Not To Seek Justise By Them. Conspericey To Convict Movant Of Federal and State charges. See All court Records Relating To Movant and Ets. Therein and relating thereto (Strickland v Washington 1984)

Mr. Lowe and Wolf and Harrises Wife knowed just what and how to testify to at movants Federal trial. See how said testimony relates to or somewhat copies the Movie, Cape Fear, what was said and done in it.

Title 21 U.S.C. 851 (e) State a five year time limitation for the defendant and dose not state a time of limitations for the Government. The Government is allowed to prosecute but the defendant is not allowed to defend, because of the cost of keeping court records over 5 years. If the Government dose not get its information from the court records, where dose it get it from and why can't the defendant do it also?

Was Movant herein effectively represented relating to Title 21 U.S.C. 851 and all relating thereto? If so, how so and when etc? If not, How and Why Not? The Prior charges and convictions Was Not Legal, Valid, Final. Signed, Joseph Marion Head Junior, 6-29-05

IN THE UNITED STATES DISTRICT COURT

FOR THE *Western* DISTRICT OF *North Carolina*

<table>
<tr><td>

*Joseph Marion Head Jr.*<br>
Plaintiff,

Reg. No. *17549-056*,

vs

*United States America<br>
And<br>
State of North<br>
Carolina*,<br>
Defendants.

</td>
<td>

) ) ) ) ) ) ) ) ) ) ) ) ) )

</td>
<td>

**FILED**<br>
ASHEVILLE, N. C.

JUL - 7 2005

**U.S. DISTRICT COURT**<br>
**W. DIST. OF N. C.**

**RECEIVED**<br>
ASHEVILLE, N.C.

JUL - 5 2005<br>
Clerk, U. S. Dist. Court<br>
W. Dist of N. C.

Case No. _____

</td></tr>
</table>

## COMPLAINT

This is a civil rights act suit for damages for unlawful conviction and sentence *and for false imprisonment*

### JURISDICTION

The court has legal jurisdiction herein pursuant to the provisions of law and Constitution which applies hereto, to include 42 U.S.C. §§ 1981, 1983, 1984, 1985(3) and 1986; 28 U.S.C. §§ 1331, 1341, 1342, 1343, 2201 and 2202; and the Federal Rules of Civil Procedure Rule 57.

### PLAINTIFF

Plaintiff herein is *Joseph Marion Head Jr.* Reg. No. *17549-056* who is a Federal prisoner housed in the *N-5 Cell 524 Federal Medical Center Devens* located at *42 Patton Road - P.O. Box 879 - Ayer - Massachusetts 01432* Plaintiff is in the custody of the Warden of the aforesaid institution, who is *David L. Winn*, Warden. Also, in the custody of the United States Attorney General.

## DEFENDANTS

Defendants herein are as related below;

(1) *United States America*, Title *United States America*
Address *United States Attorney General - United States Department of Justice - Washington - D.C. 20543*

(2) *North Carolina*, Title *State Of North Carolina*
Address *North Carolina Attorney General - N.C. Dept. of Justice - Raleigh - North Carolina 27602*

Plaintiff herein is proceding pro se, without the legal assistance of a person trained in law and Plaintiff is a layman at law and has had no professional training in law and Plaintiff therefore respectfully moves the court for a liberal construction on and as to, all pleadings, claims, et c., herein and relating hereto.

That it is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest argument they suggest. See: Green v. United States, 260 F 3d 78, 83 (2nd Cir. 2001), Haines v. Kerner, 404 U.S. 519, 520 - 21 (1972 per curiam).

Plaintiff's rights to counsel, legal assistance, et c., 18 U.S.C. § 3006(a) and et seq. thereof, U.S. Constitution Amendments Six and Fourteen. Plaintiff states that he does not waive this right to counsel, et c..

That the United States Court of Appeals for the Fourth Circuit prior, adjudged, that indigent laymen, (proceeding pro se) are not required to prove their asserted claims in advance of a full in court evidentry hearing.

The background of Plaintiff and his State and Federal Court cases and all related and asserted therein and relating thereto, is related within the prison and court records of and relating to Plaintiff, prior and present. Plaintiff does not himself have a copy of said records, therefore, cannot state the background herein and therefore refers the Court to said records as for the background of same and all related and asserted and demanded therein and relating thereto to include all opinions, judgements and orders of the courts, et c., thereto.

### GROUNDS ASSERTED HEREIN BY PLAINTIFF
### PRO SE WITHOUT LEGAL ASSISTANCE OF A
### PERSON PROFESSIONALLY TRAINED IN LAW

GROUND 1:

The convictions obtained in case no. *74CR2403 - 74CR2403A* was obtained in violation of the laws or Constitution of the United States or of the State of _N.C._ in the in the ways related herein below and for the reasons stated herein below:

1. The State of N.C. Failed To Legally Prove That, Griffen, Did Not Committ "Perjury To Convict Plaintiff At Each of His Trials Of 74CR2403 - 74CCR2403A

2. Violative Of Plaintiffs 5,6,14 Amendment Rights The Trial Judge Declareded A Mistrial in 74CR2403 And Disscharged The Chosen Jury Without Plaintiffs Lawful Consent,

3. Violative Of Plaintiffs 5th, 6th, 14th, Amendments Rights, A Retrial Of The Mistrial of 74CR2403 Was Conducted And Plaintiff Was Sentenced By Trial Judge,

**GROUND 2:**

The federal sentences of Plaintiff are illegal in that they were enhanced based on an unlawful conviction not legally proven to be legal, valid, final, prior to using same to enhance Plaintiff's federal sentence and or to obtain an upward departure and a greater sentence based upon said unlawful prior convictions. See: Title 21 U.S.C. § 851.

**GROUND 3:** Violative of State And Federal Law And Constitution Plaintiff Was Sentenced And Forced To Fully Serve The Sentences Of 74-CR2403-74CR-2403A-See Prison And Ct. Records.

**GROUND 4:** Violative Of Laws And Constitutions And Plaintiffs Rights, Plaintiff Was Forced To Represent His Own Self At The Last Court Trial of 74CR2403 in August 1976

**GROUND 5:** Violative of Laws, Constitution, Plaintiffs Rights, Plaintiffs State And Federal Court Appointed Attorneys Failed To Present To The Courts All Claims, Etc Made By Plaintiff Which Should Have Be Presented.

### RELIEF DEMANDED BY PLAINTIFF PRO SE

1. Leave to proceed In Forma Pauperis

2. Appointment of counsel hereto

3. In court evidenty hearing with the Plaintiff present for same.

4. Subpoeina's issued to the below persons;

1. Name: All Prison And Court Records etc. , Address: Relating To Plaintiff.

2. Name: All Persons Relating To Plaintiffos Court Cases. , Address:

Each Lawyer of Rutherford County, N.C. 1976 Aug.

3. Name: _____, Address: _____

5.    Grant and Order to Plaintiff, the maximum relief and
money, authorized by law, Constitution, relating hereto.

Signed Joseph Marion Head, Jr. Reg. No. 17549-056

Address: N-5 Cell 524 Fed. Med. Center Devens
42 Patton Road - Post Office Box 879 -
Ayer - Massachusetts - ~~01210~~ 01432

CERTIFICATION OF SERVICE

I, Joseph Marion Head, Jr. Reg. No. 17549-056, state that
on the 29 day of June, 2005, I sent to the Court:
U.S.D.Ct. W.D.N.C. located at Asheville
North Carolina 28801
the original and ( 0 ) copies of the foregoing complaint and
I also sent a copy of said complaint to the Attorney General of
the United States, at: Not Sent - Plaintiff did not
have a copy to send nor one for himself
and to, and did not have funds to make copies
with and pay cost of postage.

Signed Joseph Marion Head, Jr. Reg. No. 17549-056
on this the 29 day of June, 2005.

The Court is referred to plaintiffs prison and
court records for the past 31 years, to see the
indigence of Plaintiff and his entitlement to
Proceed in forma pauperis and for appointment
of counsel, etc. The Court Orders The Clerk of court
to make and serve all required copies of this
complaint and send plaintiff a filed copy of same.
Joseph Marion Head Junior 17549-056 (6-29-05)

Amendment To Pending Complaint
Filed in June 2005 of Head's
civil rights act law suit you don't see,
in the form of U.S.A. Curnished money.
The convictions is unlawful, abuses
violative of The Laws Or constitution of the
U.S.A. Or. N.C. And Head's Rights —
Deprivation of Liberty Without Due Process
and Equal Protection of Law, Constitution
Motion To Vacate Sentence and Judgment
An especially rigorous standard of review
applies when the government knowingly
offers false testimony. A conviction obtained
by the knowing use of perjured testimony
must be set aside if there is any
reasonable likelihood that the false testimony
could have affected the jury's verdict
United States v Bagley 473 U.S. 667, 682 (1985)
Napue v Illinois 360 U.S. 264 (1959) and see
Chapman v California 386 U.S. 18 (1967)
See the statements of Griffen to the
police and others which related her
intent to committ perjury etc. to
convict Head. Based on her other state —
ment to police and Head's testimony at
each of his trials, Griffen did commit
perjury to convict Head in both of his
court cases at each trial of same. Magistrate
H.O. White issued an arrest warrant
charging Griffen with perjury but so
was never served and inforced. W+
The courts having knowledge of
said prior, did not order an

FILED
ASHEVILLE, N.C.
U.S. DISTRICT COURT

See Title 21 U.S.C. 851 (1) and see the below.

The Government Must Give Notice That The Enhancement Provisions Apply

The Government must file, and serve on counsel or the defendant, an information alledging the prior convictions on which it relies. Dobkin v District of columbia 194 A.2d. 657, 659-60 (D.C. 1963)

Boswell v United States 511 A.2d. 29, 31 (D.C. 1986)

Enhancement papers must be filed before trial or entry of a guilty plea. Erskines v United States 696 A.2d. 1077, 1082 (D.C. 1997)

Where Government did not file necessary enhancement papers before trial. This means before the process of impaneling the jury has begun. Key v United States 587 A.2d. 1072, 1073 (D.C. 1991)

Because the papers must be filed before jeopardy attaches, they should be filed before the first witness and first jury is sworn in bench and jury trials.

The trial judge may not, after learning of a prior conviction that would support an enhanced sentence, suggest that enhancement papers be filed. Brandon v United States 239 A.2d. 159, 161 (D.C. 1968)

See, Linney v U.S. 527 A.2d. 733, 735 (D.C. 1987)

The government may seek a continuance in order to file information if it could not have obtained the necessary facts earlier with due diligence.

If counsel is served with the information, the defendant need not be personally served. Willingham v United States 467 A. 2d. 742, 744, (D.C. 1983)

The priviledge against self-incrimination applies, the defendant need not respond to the judges questions, and exercise of the priviledge cannot be the foundation of enhanced penalties, Boswell v United States 511, A. 2d. 29, 31 (D.C. 1986) at 33. The court must also inform the defendant that failure to challenge a prior conviction before sentencing is a waiver, Smith v United States 491 A. 2d. 1144, 1149 (D.C. 1985)

When the defendant receives sufficient actual notice, technical violations will not result in reversal, absent prejudice to the defendant. Norman v United States 623 A. 2d. 1165, 1169-70 (D.C. 1993) Coleman v United States 628, A. 2d. 1005, 1009 (D.C. 1993) See, Lucas v U.S. 602, A. 2d. 1107 (D.C. 1992)

State and Federal Cases
of Head.

Defendant was not given due notice that he could and would face a charge and trial on the lesser offenses, Prior to having to make a choice of what plea to enter nor at any other time for any other purpose. In Re. W.B.W. 397 A.2d. 143, 148 (D.C. 1979) Hall v United States 343 A.2d. 35 (D.C. 1975) United States v Whitaker 144 U.S. App. D.C. 344 - 347 F. 2d. 314 (1971)

✓ see United States v Bradford 344 A.2d, 208, 218 (D.C. 1975) Reed v United States 584 A.2d. 585, 590 (D.C. 1990)

Nathan Jones (v) United States 544 A.2d. 1250 (D.C. 1988)

Blockburger v United States 1932 Test.

Defendant was not given due notice that the Governments Attorney could and would use prior conviction to enhance the federal sentences nor could use same to obtain an upward departure and greater sentence, Prior to defendant having to make a choice of which plea to enter and why. Defendant's plea would have been guilty had he known the aforesaid prior to plea. The Federal sentences is therefore illegal.

To Each State And Federal Court In U.S.A.
42 U.S.C. 1983, 28 U.S.C. 1331, 1343, Law Suit
One Zillion Dollars Tax Free Pre Each Day That
Head Is And Was Illegally In Custody Is Demand
ed Pro Se By Head As Legal Relief To Him.
Unlawful Convictions And Sentences.
Deprivation of Liberty Without Due Process Or
Equal Protection of Law, Constitution, Etc..
Failure To Apply The Fork In The Road Test

## Fork In The Road Test

If at the scene of the crime, the defendants
can be said to have realized that he has
come to a fork in the road, and nevertheless
decides to invade a different intrest, then
his successive intentions make him subject
to cumulative punishment.

The defendant must know which law
he will violate by the acts done by him
in order to wilfully, delibertly and
knowingly violate a law.

If the defendant dose the acts to
violate one law or prison rull and he
dose not know the same acts violates
another law also, The the defendant
did not delibertly and knowingly violate
the law aforsaid. Defendants legal reasons
for him not knowing the law at the
time of the offense justifies the wrong
and makes it not a violation of the law.

Head did not know That He Was Violating The L.
alledged Violated By Him At The Time o

RECEIVED
JUDGE'S CHAMBERS

JUN 5 2009

U.S. DISTRICT COURT
ASHEVILLE, N.C.

Petitioner is in custody under the
sentence of the U.S.D.C
claiming the right to relief and release.
The sentence was imposed in violation
of the Laws or Constitution of The United
States or The State of _____
or The court was without jurisdiction to
impose the sentence, or the sentence was
in excess of the maximum authorized by
law or constitution, or the sentence is
otherwise subject to collateral attack,
may be corrected at any time
        Prior conviction exception stated in
Almendarez - Torres v United States 523
U.S. 224 (1997), Apprendi, Blackely,
Booker
The prior state conviction was unlawful
and the enhancement based thereon
made the federal sentences illegal
same as to upward departure.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _Western_ DISTRICT OF _North Carolina_

_Joseph Marion Head, Jr._ )
            Plaintiff, )
Reg. No. _17549-056_, )
            vs )
_United States of America_ )
             )
             )
            , )
            Defendants. )

Case No. _____

FILED
ASHEVILLE, N.C.
JUL - 7 2005
U.S. DISTRICT COURT
W. DIST. OF N. C.

RECEIVED
JUDGES CHAMBERS
JUN 2 4 2005
U.S. DISTRICT COURT
ASHEVILLE, N.C.

## COMPLAINT

This is a civil rights act suit for damages for unlawful conviction and sentence.

## JURISDICTION

The court has legal jurisdiction herein pursuant to the provisions of law and Constitution which applies hereto, to include 42 U.S.C. §§ 1981, 1983, 1984, 1985(3) and 1986; 28 U.S.C. §§ 1331, 1341, 1342, 1343, 2201 and 2202; and the Federal Rules of Civil Procedure Rule 57.

## PLAINTIFF

Plaintiff herein is _Joseph Marion Head, Jr._ Reg. No. _17549056_ who is a Federal prisoner housed in the _N-5 Cell 524_ _Federal Medical Center Devens_ located at _Post office Box 879 - Ayer - Ma. 01432_ Plaintiff is in the custody of the Warden of the aforesaid institution, who is _David L. Winn_, Warden. Also, in the custody of the United States Attorney General.

## DEFENDANTS

Defendants herein are as related below;

(1) *United States America* Title  *U. S. A.*  ,

Address *Attorney General of United States, U.S.*
*Dept. of Justice, Washington, D. C. 20543*

(2) _____ , Title _____ ,

Address _____

_____

Plaintiff herein is proceding pro se, without the legal assistance of a person trained in law and Plaintiff is a layman at law and has had **no professional** training in law and Plaintiff therefore respectfully moves the court for a liberal construction on and as to, all pleadings, claims, et c., herein and relating hereto.

That it is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest argument they suggest. See: Green v. United States, 260 F 3d 78, 83 (2nd Cir. 2001), Haines v. Kerner, 404 U.S. 519, 520 - 21 (1972 per curiam).

Plaintiff's rights to counsel, legal assistence, et c., 18 U.S.C. § 3006(a) and et seq. thereof, U.S. Constitution Amendments Six and Fourteen. Plaintiff states that he does not waive this right to counsel, et c..

That the United States Court of Appeals for the Fourth Circuit prior, adjudged, that indigent laymen, (proceeding pro se) are not required to prove their asserted claims in advance of a full in court evidentry hearing.

The background of Plaintiff and his State and Federal Court cases and all related and asserted therein and relating thereto, is related within the prison and court records of and relating to Plaintiff, prior and present. Plaintiff does not himself have a copy of said records, therefore, cannot state the background herein and therefore refers the Court to said records as for the background of same and all related and asserted and demanded therein and relating thereto to include all opinions, judgements and orders of the courts, et c., thereto.

GROUNDS ASSERTED HEREIN BY PLAINTIFF
PRO SE WITHOUT LEGAL ASSISTANCE OF A
PERSON PROFESSIONALLY TRAINED IN LAW

GROUND 1:

The convictions obtained in case no. 4-98-CR-102 (Federal) was obtained in violation of the laws or Constitution of the United States or of the State of _N. C._ in the in the ways related herein below and for the reasons stated herein below:

1. Prosecution Failed To Legally Prove Criminal intent to violate 18 U.S.C. 876. Head's Acts was delibert to violate Only A Prison Rule. See Transcript of Trial.

2. Prosecution Failed To Legally Prove That Head Wilfully, Delibertly, Knowingly Did Acts To Violate 18 U.S.C. 876 or in violation of 18 U.S.C. 876.

3. Prosecution Did Not Prove The Reasons of Each Jurior For Their Verdicts of Guilty, To Be Legal And Valid Nor Prior To Sentencing Nor On appeal, Etc..

**GROUND 2:**

The federal sentences of Plaintiff are illegal in that they were enhanced based on an unlawful conviction not legally proven to be legal, valid, final, prior to using same to enhance Plaintiff's federal sentence and or to obtain an upward departure and a greater sentence based upon said unlawful prior convictions. See: Title 21 U.S.C. § 851.

**GROUND 3:** The sentence was imposed in violation of the laws or constitution of The United States and or The State of —

**GROUND 4:** The court was without legal jurisdiction to impose the sentence(s) or the sentences was excessive the maximum authorized by law etc or cases laws as applies

**GROUND 5:** The setence is subject to constitutional or collateral attack and Booker, Fanfan, Blakely, Apprendie and Strickland v Washington 1984, As Applies.

## RELIEF DEMANDED BY PLAINTIFF PRO SE

1. Leave to proceed In Forma Pauperis

2. Appointment of counsel hereto

3. In court evidenrty hearing with the Plaintiff present for same.

4. Subpoeina's issued to the below persons:

1. Name: Each Person Involved I/n 4-98-CR-102, Past and Present , Address: _____

2. Name: Each Person and Record Relating To Plaintiffs Prior State cases from N.C. , Address: _____

-4-

*Each Person Relating To Plaintiffs Civil*

3. Name: _____ , Address: _____

*Commitment 18 U.S.C. 4245(1)*

5. Grant and Order to Plaintiff, the maximum relief and money, authorized by law, Constitution, relating hereto.

Signed *Joseph Marion Head Jr.* Reg. No. *17549-056*

Address: *N-5 Cells 27 — F.M.C. Devens*

*Post office Box 879 Ayer — Ma.*

*0 1 4 3 2.*

### CERTIFICATION OF SERVICE

I, *Joseph Marion Head Jr.* Reg. No. *17549056*, state that on the *18* day of *June*, 200*5*, I sent to the Court: *U.S.D.Ct. W.D. N.C. Ash.Di.* located at *309 U.S. Courthouse Building — 1 0 0 Otis Street — Asheville* , N.C. *28801* the original and ( *O* ) copies of the foregoing complaint and I also sent a copy of said complaint to the Attorney General of the United States, at: *Not Sent due to plaintiffs indigence Nor was any copies made* and to, *Not even one for plaintiff.*

_____

Signed *Joseph Marion Head Jr.* Reg. No. *17549 056*

on this the *18* day of *June*, 200*5*.

*The court will have to order F.M.C. Devens To Send To The court a copy of Plaintiffs Trust Funds For The Past Six Months and further must review plaintiffs State and Federal court records to see if plaintiff is indigent or not and why and how long indigent Allow Plaintiff To Proceed In Forma Pauperis and appoint Counsel Hereto, Based on the aforsaid and Send Plaintiff a Filed copy of This complaint Etc.. Joseph Marion Head Junior 17549056 (6-18-05)*

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| FROM: | REGISTER NO.: |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Failure to reprosecute the mistrial within the time required by law 18 U.S.C. 3161(c). — N.C. G.S. 15-10-2, 15A-711(c) Required and Requires Dismissal with Prejudice and for denial of a speedy trial (No showing of Prejudice required). United States v McNeil 386 U.S. App. D.C. 26, 30, 911 F. 2d. 768, 772 (1990), Strunk United States supra 1973. State N.C. v McCoy An N.C. Supreme Court case 19___. Therefore the conviction and sentence on 74CR2403 was unlawful and double Jeopardy. Fed. sentence based thereon is ___

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| FROM: | REGISTER NO.: |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

A defendant is placed in jeopardy once he is put to
trial before a jury so that if the jury is discharged
without his consent he cannot be tried again.
This prevents a prosecutor or judge from subjecting
a defendant to a second prosecution by discon-
tinuing the trial when it appears that the
jury might not convict.
Head did not consent to the mistrial nor to the
discharge of the chosen jury. Double Jeopardy
at retrial. Federal Sentence based thereon is
illegal Enhancements and upward departure.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate          This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)        and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| FROM: | REGISTER NO.: |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Convictions was obtained by the use of false or perjuried test-
imony or testimony not proven to be not false or
perjuried - Perrington 473 U.S. at 684 (United States
v. Bagley 473 U.S. 667, 682 (1985) Bagley 473 U.S. at
679 n. 9 ( See Head's trial testimony and see Griffens
and Her statements to the police - perjury intent.

_(Do not write below this line)_

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

To: George W. Bush Junior - President of U.S.A.

To: United States Attorney General and N.C. Attorney General

To: United States Federal Judge - Thornburg

State Head: How Each Provision of 851 was and was not applied and why.
Request a copy of all records etc relating thereto.

United States of America

RECEIVED
ASHEVILLE, N.C.

VS

FILED
ASHEVILLE, N.C.

1-CR-102

Docket

Joseph Marion Head Junior

Clerk, U. S. Dist. Court
W. Dist. of N. C.

U.S. DISTRICT COURT
W. DIST. OF N.C.

Number

Defendant

42 U.S.C. 1981, 1983, 1984, 28 U.S.C. 1331, 1343, a-2, 3.
Federal Sentences Based On Unlawful Prior Charges
And Unlawful Prior Convictions of Head.
U.S. Const. Amend. 1, 4, 5, 6, 8, 9, 14, As Applies Hereto.

1- The Federal Sentences of Head c/s Illegal
or Unconstitutional and Violative of Head's
Rights Or Priviledges because Head could
not legally challelle the legality and
constitutionality and Validity of Head's
Prior charges And Prior convictions
used to, increase, inhance and for
upward departure, Head's Federal Sentences.
Title 21 U.S.C. 851 (C) and notes of decisions
Thereto. And the Court did not appoint
Head Counsel for the purpose of representing
Head's prior charges and prior convictions
prior to federal sentencing so same
could not be used against Head and so
Head would receive a lesser sentence.
U.S. Const. Amend. 1, 4, 5, 6, 8, 9, 14, 18 U.S.C. 3006A
, N.C. Const. Art. 1 Sec. 19, 21, 23, 27, N.C.G.S.
17-8, 17-10, 17-17, 17-21. Title 21 U.S.C. 851, a-1, 2.
Relief Demanded By Head c/s, 200, Zillion Dollars Tax Free.
Signed, Joseph Marion Head Junior 17549-056 (6-25-05)

**FILED**
ASHEVILLE, N.C.
JUL - 7 2005
U.S. DISTRICT COURT
W. DIST OF N.C.
24-05

Judge Thornburg

The Federal Sentences of Head is illegal and or unconstitutional because Head could not challenge the vality of the prior convictions which was used to enhance Head's federal sentences and to obtain an upward departure See, Title 21 U.S.C. 851(e) and the foot notes thereof, which relates the reasons for not allowing challenges after cases 5 years old. What cost more, record keeping or houseing of prisoner's And Upkeep of The Prisoners?

There must be a time of limtaion for the Governments use of prior convictions and prior charges, to increase the sentences of criminal defendants.

The Government must bare the burden of proving the vality and legality etc of the prior convictions and prior charges relide on to increase sentences of defendants in criminal prosecutions. Failure to do the aforsaid makes the Federal Sentences Illegal and/or Unconstitutional And Violative of The Defendants Rights, Etc..

Signed, Joseph Marion Head Junior 17549-056

(OVER)

FILED
ASHEVILLE, N.C.
U.S. DISTRICT

That which Cannot Be Legally
Challenged pretrial 851 (e)
cannot be challenged post trial
pursuant to any remedy, not even
28 U.S.C. 2254, 2241, 2255, Fed.
R. Crim. Proc R. 35 (a)

RECEIVED
ASHEVILLE, N.C.

JUN 27 2005

Clerk, U. S. Dist. Court
W. Dist of N. C.

FILED
ASHEVILLE, N.C.
2005
U.S. DISTRICT COURT
W. DIST. OF N.C.

ASHEVILLE, N.C.
U.S. DISTRICT COURT
W. DIST. OF N.C.

United States District Court
For The Western District of North Carolina
Asheville Division

Joseph Marion Head Junior
Reg. No. 17549 056
Plaintiff
VS
State of North Carolina
and The Employee's
Thereof - Liable Herein,
Defendants

Civil Case No.

Reference To
criminal case
74CR2403 and
74CR2403A
Rutherford County
North carolina

## Complaint

In Forma Pauperis Or As Otherwise
Allowed And Ordered By The Court
For Timely Payments For cost of Filing
Legal Assistence, Etc. And copies of
Records, Etc, cost of All Postage,
Books, Etc. Necessary Relating To
This complaint And Access To The Courts.

### Statement of The Complaint
And Jurisdiction Of The Court

That this is a civil action authorized
by 28 U.S.C. 1331 and 1343(a-3, 2)
42 U.S.C. 1983, 1984, 1985(3), 1986,
U.S. Const. Amend. 1, 5, 8, 14 As Applies Hereto.

## Plaintiff

Plaintiff herein is, Joseph Marion Head Junior, Reg. No. 17549-056, who is a Federal Prisoner housed in the N-5 Cell 524 of Federal Medical Center Devens, Located At 42 Patton Road, Post Office Box 879, Ayer-Massachusetts, Zip Code 01432. David L. Winn is the Warden of The aforsaid F. M.C. Devens. Plaintiff is in the custody of the aforsaid Warden and the United States Attorney General.

The background of Plaintiff and his criminal and civil cases is as related of prison and court records, State and Federal, unless the infromation therein is proven to be false or incorrect. As to same and the contents thereof the court is heretofore refered to same as if same was stated herein in proper order and form of same and as filed. See all processes relating to each of same and all related and asserted and demanded therein and relating thereto

## Defendants

Defendants herein is the State of North Carolina and the Employees thereof liable herein as adjudged liable by the Court and Judge Therefore.

Plaintiff herein is a laymen at law, none versed in law and has had no professional training in law and is being forced to proceed herein, prose, in forma pauperis and without legal assistence of a person professionally trained in law. Therefore the court must or should grant and order hereto a <u>Liberal Construction</u> That it is well settled That pro se litigants generally are entitled to a liberal construction of their pleadings, etc., which should be read to raise the strongest arguments they suggest. Green vs United States 260 F. 3d. 78, 83 (2d. Cir 2001) Haines v Kerner, 404 U.S.C. 519, 520-21 (1972-per curiam)

Plaintiffs rights to counsel is as related in the Constitutions and in

18 U.S.C. 3006 A and sub sec.s thereof And The rights to some type of release where plaintiff can work to earn funds to pay cost of attorney fee's of attorney is of plaintiff's own choice.

That the United States court of Appeals For The Fourth circuit, prior hereto, in another case, adjudges that, indigent prisoners proceeding pro se in forma pauperis are not required to prove their assert claims and grounds in advance of a full in court evidentry hearing. Plaintiff states that he dose not waive nor abandons this aforsaid right and dose demand such a hearing.

The Grounds Herein Are Plaintiffs as asserted by Plaintiff Pro se, who is a laymen at law etc as stated herein. As to each of same the court must afora to plaintiff a Liberal Construction as aforsaid herein.

Grounds Asserted

Ground No. 1

Defendants Herein by their judgments and orders of court records, denied and deprived plaintiff of his liberty violative of laws and constitutions and plaintiffs rights thereby and relating thereto.

See each opinion, judgement and order of each judge and justice relating to plaintiffs court cases and plaintiff and to the related and asserted and asked for and demanded within said records and records relating thereto.

The aforsaid and asserted as futher applies to plaintiffs federal sentences and to plaintiffs committment 18 U.S.C. 4245(d)

Futher see all known prison and court records relating to the aforsaid and to plaintiff herein as if same was related herein or attached hereto as part hereof, in proper order of each of same as filed. See Docket Reports.

See, North Carolina General Statutes
<u>17-8</u>, 17-10, 17-17 and <u>17-21</u>
As may be applied to the afor
said herein

See each and all claims,
grounds, errors, motions, etc.
relating to each case of plaintiff,
prior and present, State and
Federal.

## Relief Demanded
Pro Se By Plaintiff Herein
C/o Related Herein Below.
(1)

Leave to proceed in forma
pauperis based on the courts own
findings from the prison and
court records relating to Plaintiff
in the past 31 years in custody.
OR
Allow plaintiff to pay cost of
filing fee's, etc. in small
payments each mounth as the
court of Appeals For First Circuit
Did and Why They Did, Legal or
Not. Valid Or Not, It was done.
See court records of that court
and District court in Boston - Ma.